# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CLETUS F. JOHNSON,<br><br>         Petitioner,<br><br>vs.<br><br>JERRY BURT,<br><br>         Respondent. | No. C05-2081-LRR<br><br><br>ORDER |

The matter before the court is United States Magistrate Judge Jon S. Scoles' Report and Recommendation (docket no. 38). Judge Scoles filed his Report and Recommendation on July 31, 2007. Such Report and Recommendation addressed the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 (docket no. 3). On August 14, 2007, the petitioner filed Objections (docket no. 39) to the Report and Recommendation.

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b) (requiring de novo review of a magistrate judge's recommendation on dispositive motions and prisoner petitions). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 6000 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v.*

*Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

A review of the record leads the court to conclude that the petitioner's Objections are without merit. It is appropriate to deny the petitioner's application for a writ of habeas corpus because the Iowa courts neither reached a decision contrary to that reached by the United States Supreme Court on a question of law nor correctly identified the applicable principles of federal law but then unreasonably applied that law to the facts of the petitioner's claims. 28 U.S.C. § 2254(d)(1); *see also Newman v. Hopkins*, 247 F.3d 848, 850-52 (8th Cir. 2001) (discussing *Williams v. Taylor*, 529 U.S. 362 (2000)). Specifically, the Iowa courts' decisions were not contrary to and did not involve an unreasonable application of the Sixth Amendment, that is, the principles announced in *Strickland v. Wash.*, 466 U.S. 668 (1984), or the Fourteenth Amendment, that is, equal protection principles and due process principles. The petitioner's application for a writ of habeas corpus does not warrant relief under 28 U.S.C. § 2254. Further, there is no reason to grant a certificate of appealability. 28 U.S.C. § 2253. In light of the foregoing and based upon its review of Judge Scoles' Report and Recommendation, the court concludes that there is no ground to reject or modify his findings and conclusions. Therefore, the court shall adopt Judge Scoles' Report and Recommendation.

**IT IS HEREBY ORDERED:**

(1) The petitioner's Objections (docket no. 39) are OVERRULED.

(2) The court ADOPTS Judge Scoles' Report and Recommendation (docket no. 38).

(3) The petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 (docket no. 3) is DENIED.

(4) A certificate of appealability is DENIED.

**DATED** this 24th day of September, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA